IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIN STASZAK,

                            Plaintiff,

    v.

DEPUTY MICHAEL SCHLIESMAN,
DEPUTY JESSICA RODENKIRCH,                  OPINION and ORDER
DEPUTY ANTHONY NOVONE,
DEPUTY THOMAS KRUMPEN                          23-cv-590-wmc[1]
SERGEANT RYAN RINGLESTETTER,
SHERIFF ROGER BRANDNER,
and JAIL ADMINISTRATOR JAMES D. STILTON,

                            Defendants.

---

      Pro se plaintiff Marcin Staszak contends that Columbia County Jail staff violated his constitutional rights while he was housed there as a pretrial detainee. Staszak is proceeding in forma pauperis, so I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I will dismiss Staszak's complaint and allow him a chance to file an amended complaint that fixes the problems I describe in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

ANALYSIS

In April of 2021, Staszak was a pretrial detainee at the jail. He says that staff violated jail policy by releasing him while he was "under the influence." Dkt. 1 at 8. Stazak does not explain in detail what happened as a result, but he says he was hospitalized and suffered "physical and emotional damages due to [his] criminal case pending." Dkt. 1 at 6, 8. He seeks the dismissal of his criminal charges and damages. Publicly available court records show that Staszak is facing state criminal charges in Columbia and Dane counties.[2]

I must dismiss the complaint because it violates the Federal Rules of Civil Procedure. Rule 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint contains no allegations specifying what actions any of the defendants took to violate Staszak's rights. Although he generally alleges that he was hospitalized and caught new charges because he was released from jail while still "under the influence," liability in a civil rights lawsuit like this one "is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). Because I cannot infer individual liability from Staszak's general allegation, none of the defendants have notice of what he

---

[2] *See* https://wcca.wicourts.gov/.

believes they each did to violate his rights as Rule 8 requires. Staszak also refers to a complaint he filed in a previous case that he dismissed, but that complaint is not part of this case.

I will dismiss Staszak's complaint, but I will give him a short time to submit an amended complaint on the court's form that contains all of the allegations he wants to raise in this case. In drafting his amended complaint, Staszak should carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation. He should describe simply and concisely what actions he believes that each defendant took and when that violated his rights, and keep in mind that he cannot hold individuals liable based only on their supervisory role over others. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011).

I also note for Staszak's benefit that this court cannot grant his request to dismiss the criminal charges pending against him, nor can it decide any claims that would likely disrupt his ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971) ("[F]ederal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings.").

If Staszak does not provide an amended complaint by the date below, I will dismiss this case for his failure to prosecute it.

## ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for violating Federal Rule of Civil Procedure 8.

2. Plaintiff may have until October 17, 2023, to file an amended complaint that fixes the problems described in this order. Plaintiff must file his amended complaint on the court's complaint form, which the court will send him with this order.

3

3. If plaintiff does not file an amended complaint by October 17, 2023, the court will dismiss this case with prejudice for his failure to prosecute it.

Entered September 26, 2023.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge