IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIN STASZAK,

                Plaintiff,

  v.

DEPUTY MICHAEL SCHLIESMAN, *et al.*,

                Defendants.

ORDER

23-cv-590-wmc

---

    Plaintiff Marcin Staszak alleges that defendants jeopardized his health and safety when they released him from jail knowing that he had overdosed on substances five hours before in violation of his federal constitutional rights. Dkt. 27. He has sent me a request for clarification on how he can present medical evidence to the court. Dkt. 68. I cannot provide legal advice or suggest how Staszak should litigate his case, but I will grant the motion as follows.

    Staszak notes that he is unlikely to retain an expert witness by the expert disclosure deadline of October 17, 2025. He asks whether he may use "published medical information from the internet or published medical book information" instead, whether he must disclose this evidence by the expert disclosure deadline, and whether he may rely on such information at the summary judgment stage. Dkt. 68.

    A qualified expert may help a judge or a jury understand scientific or technical information relevant to a case, Fed. R. Evid. 702, but not every medical care case requires expert testimony. *See Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997). Expert testimony may help in those cases involving "complex questions concerning medical diagnosis and judgment," but other cases with more familiar symptoms and simpler decision making may

not require any expert testimony. *Id.* at 359–60. It is up to plaintiff to evaluate his case, consider his options, and decide whether to disclose any experts.

Medical information found online or in a book could have some limited use in a medical care case, but it is not the same as medical expert testimony because it is not prepared by a qualified expert based on the specific facts of the case. Plaintiff may seek to rely on books or journals if he thinks they would be helpful, but there may be challenges to their admissibility, including relevance, authenticity, and hearsay. *See, e.g., Cooper v. Guider*, No. 19-CV-159-JDP, 2020 WL 6684697, at *2 (W.D. Wis. Nov. 12, 2020) (excluding medical journals as hearsay), *order clarified*, No. 19-CV-159-JDP, 2020 WL 7642521 (W.D. Wis. Dec. 23, 2020). If plaintiff plans to rely upon this information at summary judgment or trial, he should take care to review the applicable Rules of Evidence, including Rules 401-403, 802–803, and 901–902. Because this information is not expert testimony, plaintiff does not need to disclose it by the expert disclosure deadline.

The admissibility of Staszak's evidence at summary judgment or trial will be up to the presiding judge to determine. *Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009) ("Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment."). To ensure that his medical information is considered, Staszak could ask defendants to stipulate to its admissibility before the dispositive motions deadline, which remains December 5, 2025.

ORDER

IT IS ORDERED that plaintiff Marcin Staszak's motion for guidance, Dkt. 68, is GRANTED.

Entered August 11, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge